IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

JEFFREY GAFFNEY,

Defendant.

CASE NO. 4:25-cr-118

# ORDER

Defendant Jeffrey Gaffney filed a Motion for Release of Brady Materials, doc. 93, a Motion for Additional Peremptory Challenges, doc. 94, a Motion for Pretrial Hearing as to the Admissibility of Co-Conspirator Statements, doc. 95, a Motion to Allow Defendant to Participate in Voir Dire, doc. 96, a Motion for Severance and Separate Trial, doc 97, and a Motion for Early Disclosure of Jencks Material, doc. 100.[1] The Government filed a combined Response. Doc. 107. On August 17, 2026, the parties filed their Joint Status Report. Doc. 110. In that Report, the parties state that oral argument and evidentiary hearings are unnecessary for these Motions. For the following reasons, I **DENY** Defendant's Motions. Docs. 93, 94, 95, 96, 97, 100.

[1] Defendant also filed a motion to suppress search of cellphone and a motion to suppress evidence seized from 1530 Marcy Circle, Savannah, GA 31405. Docs. 98, 99. I address those motions in a separate Report and Recommendation.

## BACKGROUND

The Government charged Defendant with one count of conspiracy to possess with intent to distribute resulting in death, in violation of 21 U.S.C. § 846. The Government alleges that Defendant "did knowingly and intentionally [conspire] to possess with intent to distribute and to distribute . . . a mixture and substance containing a detectable amount of fentanyl and cocaine[.]" Doc. 3 at 1–2.

## DISCUSSION

### I. Motion for Release of Brady Materials, doc. 93

Defendant asks the Court to order the Government to disclose 21 categories of information and evidence under Brady v. Maryland, 373 U.S. 83 (1963). Doc. 93 at 2–5. The Government filed a Response, stating that it is already obligated to disclose information under Brady and its progeny and that Defendant failed to include a certification of conferral, as this Court's Criminal Local Rules require. Doc. 107 at 1.

The Court **DENIES without prejudice** Defendant's Motion. Defendant fails to show that the Government has withheld any information or evidence it is required to produce under Brady. If Defendant has specific information suggesting that the Government has failed to meet its obligations under Brady—for example, by failing to adequately search for responsive evidence or failing to produce it—Defendant may renew his Motion. But the Court will not generally order the Government to comply with its Brady obligations when the Government remains obligated to do so.

Additionally, Defendant's counsel must confer with counsel for the Government before filing any renewed Brady motion.

## II. Motion for Additional Peremptory Challenges, doc. 94

Defendant asks the Court to grant him additional peremptory challenges during jury selection. Doc. 94 at 1. Defendant contends that, since he may be tried jointly with codefendants, the Court should allow him to exercise additional peremptory challenges separately. Id. Defendant argues that denial of this Motion will leave him with fewer challenges than he would otherwise receive. Id. at 1–2.

The Government opposes this Motion. Doc. 107 at 1–2. The Government argues that Defendant has not shown a compelling need and that the final number of parties proceeding to trial is still unclear. Id.

In a non-capital felony case, the Federal Rules of Criminal Procedure provide that the Government is entitled to 6 peremptory challenges and the defendants are collectively entitled to 10. Fed. R. Crim. P. 24(b)(2). The Court has discretion to allow additional peremptory challenges separately or jointly. Fed. R. Crim. P. 24(b); United States v. Bentley, 503 F.2d 957, 958 (5th Cir. 1974) ("The number of peremptory challenges afforded a defendant is governed by . . . Rule 24(b) and the discretion of the judge"). The Court also has discretion to require multiple defendants to exercise challenges separately or jointly. See United States v. Franklin, 471 F.2d 1299, 1300 (5th

Cir. 1973) (explaining that Rule 24(b) "plainly allows the trial court to specify whether the challenges are to be exercised separately or jointly").

At this time, Defendant has not provided compelling reasons as to why the Court should grant additional peremptory challenges. Codefendants who are tried jointly are routinely required to share their peremptory challenges. Moreover, trial dates have not been set, and it is unclear whether the parties will be tried jointly. Thus, I **DENY without prejudice** Defendant's Motion. Within seven days of the trial being set, Defendant may ask the Court to allow additional peremptory challenges.

## III. Motion for Hearing as to the Admissibility of Co-Conspirator Statements, doc. 95

Defendant asks the Court to conduct a pretrial hearing under James v. United States to determine the admissibility of alleged co-conspirator statements against him. Doc. 95 at 1 (citing F.2d 575 (5th Cir. 1979)). Defendant asks the Court to require that the Government establish that a conspiratorial agreement existed, he was involved in the alleged conspiracy, and any such statements were made in furtherance of the conspiracy. Id. Defendant states that the Government must establish these elements to satisfy the co-conspirator hearsay exception under Federal Rule of Evidence 801(d)(2)(E). Id. at 1–2. Defendant argues that permitting the Government to discuss such statements during trial may result in irreparable prejudice. Id. at 2–3.

The Government opposes Defendant's request for a pretrial hearing. Doc. 107 at 2. The Government argues that Defendant has not articulated any reason to hold a

James hearing before trial. Id. The Government states that courts regularly decline to hold James hearings in the interest of judicial economy. Id.

In considering the admissibility of co-conspirator hearsay statements, the trial court may consider both the statements and independent, external evidence. Bourjaily v. United States, 483 U.S. 171, 181 (1987). The trial court has the discretion to determine the admissibility of those statements at a pretrial James hearing or during the trial. United States v. Van Hemelryck, 945 F.2d 1493, 1497–98 (11th Cir. 1991) ("The district court has discretion to admit the statements subject to proof of these [foundational requirements for admissibility] during the course of trial." (citing United States v. Fernandez, 797 F.2d 943, 945 (11th Cir. 1986); United States v. Norton 755 F.2d 1428, 1431 (11th Cir. 1985))); see also United States v. Roe, 670 F.2d 956, 962–64 (11th Cir. 1982) (holding that the trial court's failure to hold a James hearing was not error and the court was not required to find that a James hearing would be impractical before deciding to forgo it).

Defendant has not pointed to anything specific about this case that would make an admissibility determination during trial particularly prejudicial or burdensome. Defendant has also not identified any specific challenged statements for the Court to address. Holding a James hearing now would be impractical, as the Court would need to rule on the admissibility of statements that the Government may or may not choose

to offer at trial. Thus, these admissibility determinations are better left to the discretion of the trial judge. I **DENY** Defendant's Motion.

### III. Motion to Allow Defendant to Participate in Voir Dire, doc. 96

Defendant asks the Court to allow his counsel to participate in voir dire. Doc. 96 at 1. Defendant states that the Court has discretion to allow such participation under Federal Rule of Criminal Procedure 24. Id. The Government takes no position on this Motion. Doc. 107 at 1..

The scope of voir dire questioning rests in the sound discretion of the Court. Geralds v. Inch, No. 5:13-cv-167, 2019 WL 2092977, at *59 (N.D. Fla. May 13, 2019), aff'd sub nom. Geralds v. Att'y Gen., Fla., 855 F. App'x 576 (11th Cir. 2021). I **DENY** Defendant's Motion. The trial judge will conduct voir dire. This denial does not preclude the parties from presenting proposed voir dire questions for the Court's consideration.

### IV. Motion for Severance and Separate Trial, doc. 97

Defendant moves to sever his trial from that of his codefendants under Federal Rule of Criminal Procedure 14. Doc. 97 at 1. Defendant states that his codefendants may have made statements to other people outside of his presence implicating themselves or him. Id. Defendant asserts that if these otherwise inadmissible statements are introduced at trial and his codefendants refuse to testify, it will violate his Sixth Amendment confrontation rights. Id. Defendant states that a joint trial

prevents him from compelling exculpatory testimony from his codefendants. Id. Defendant argues that a joint trial creates a conflict between a testifying codefendant's rights and the Fifth Amendment rights of non-testifying defendants against self-incrimination. Id. at 2–3. Defendant contends that the Government may introduce evidence that is admissible only against his codefendants. Id. at 3. Defendant states that he cannot obtain a fair and impartial trial unless the Court grants severance. Id. Defendant asserts that, under Bruton v. United States, the admission of a non-testifying codefendant's prejudicial statement violates the Sixth Amendment's confrontation clause. Id. (citing 398 U.S. 123 (1968)).

In response, the Government argues that there is no Bruton issue here because Defendant Franklin will not be tried jointly with Defendant Gaffney (because Franklin has pleaded guilty) and Defendant Akins did not make any testimonial statements implicating Defendant Gaffney. Doc. 107 at 2–3. The Government also argues that Defendant's right to be free of commentary upon his silence (if he refuses to testify during trial) will not be put at jeopardy because his codefendants' defenses are not mutually exclusive. Id. at 3.

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants in a single indictment where they are alleged to have participated in the same transaction or series of transactions. "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness

inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." United States v. Lopez, 649 F.3d 1222, 1233 (11th Cir. 2011). "The general rule, however, especially in conspiracy cases, is that persons jointly indicted should be tried together." United States v. Sullivan, 578 F.2d 121, 123 (5th Cir. 1978). Under Federal Rule of Criminal Procedure 14, a court may grant severance if joinder would cause a defendant undue prejudice. "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "In considering a motion for severance, the trial court must balance the possible prejudice to the defendant against the government's interest in judicial economy." United States v. Staller, 616 F.2d 1284, 1294 (5th Cir. 1980). There is some prejudice in every joint trial. "A mere showing of some prejudice has usually been insufficient, for qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection." United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973).

Defendant has not shown that he will suffer compelling prejudice if he is tried jointly with his codefendants. Aside from general references to potentially inadmissible testimony, Defendant fails to explain how any particular evidence or testimony creates

a risk of conflating the jury's determination of each Defendant's guilt. Because only two Defendants remain for trial, the Court's instructions to the jury to consider the case of each defendant separately will mitigate any risk of prejudice.

Defendant has also not satisfied the threshold showing to move for severance to obtain favorable testimony from a codefendant. A defendant who moves for severance on this basis must show: "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial." United States v. Machado, 804 F.2d 1537, 1544 (11th Cir. 1986). Defendant has only made general statements about exculpatory testimony and Sixth Amendment concerns. Defendant has not made a sufficient showing for the Court to evaluate the significance of the potential exculpatory testimony. Thus, I **DENY** Defendant's Motion.

## V. Motion for Early Disclosure of Jencks Material, doc. 100

Defendant asks the Court to require early disclosure of Jencks Act material. Doc. 100 at 1–2. The Government opposes this Motion, stating that the Court cannot order early production of this material. Doc. 107 at 5.

Defendant has not identified any specific Jencks Act material that he believes should be produced early in this case. Thus, I **DENY** Defendant's Motion.[2]

---

[2] Although I deny Defendant's Motion, doc. 100, I note that the Government is obligated under L.R. Crim. 16B(a)(6) to disclose certain Jencks Act materials early in the case. If the Government declines to disclose the materials addressed in the Local Rule, the Government

## CONCLUSION

For the reasons stated above, I **DENY** Defendant's Motions. Docs. 93, 94, 95, 96, 97, 100.

**SO ORDERED**, this 22nd day of September, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

must file an appropriate notice. The Government has not filed the required notice. Therefore, the Court assumes that the Government has already produced any materials subject to the Local Rule and assumes that Defendant's Motion only seeks materials not covered by the Local Rule.